A. H. FEHLBER, Respondent, v. KATE MODE et al., Appellants.

St. Louis Court of Appeals. Submitted October 5, 1909; Opinion Filed October 19, 1909; Refiled November 30, 1909.

MECHANICS' LIENS: May v. Mode, Ante, Followed. The facts of this case being identical with the facts in May v. Mode, *ante*, the decision is that case is followed herein.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule*, Judge.

REVERSED AND REMANDED (*with directions*).

*Charles L. Moss* for appellants.

*Robert L. McLaren* for respondent.

REYNOLDS, P. J.—This case is identical so far as the points involved in it are concerned, with that of May v. Mode, with this exception, that the transcript of the record in this case contains the lien account, as filed, and shows that the first labor item charged for in it, is of date July 16, 1906, and the first item for materials bears date July 17, 1906. There is nothing whatever in the account itself to show that any claim is made, carrying the liens or any item in them back of those dates. On the contrary, it is set out in the notice of the lien filed, that the account for work and labor done and material furnished by plaintiff under the contract with defendant Mode upon, to and for the buildings and improvements described, is a true account of the claim and demand due therefor, and no suggestion is made in the affidavit attached to the lien claim as filed, that any of the items therein accrued or any right to a lien was claimed prior to those dates. For this reason and the other reasons stated in the opin-

ion in the May case, the judgment of the circuit court must be reversed. Plaintiff is entitled to a general judgment against defendant Mode, and to an execution leviable on her equity of redemption in the lots and buildings. He is not entitled to a lien against the land or improvements on these lots superior and above the lien of the mortgage on these buildings and improvements, but is subordinate in right to the holders of the deed of trust in evidence. The judgment in the case is reversed and the case remanded with directions to the circuit court to enter up a judgment in accordance with this opinion. All concur.